# Firemen's Insurance Company v. Appleton Paper & Pulp Company.

1. INSURANCE—*What is Not a Defense.*—The object of insurance is indemnity against losses which, in fact, are usually the result of a want of care by the insured. Mere negligence not of a character to indicate fraud, is no defense.

**Assumpsit,** on a policy of insurance. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed July 5, 1895.

WM. J. AMMEN, attorney for appellant.

GREEN, ROBBINS & HONORE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

By stipulation below the only question in this case was whether the appellant was liable upon a fire policy issued by it to the appellee. The insurance was upon a paper mill, including "Automatic sprinkler equipment complete," with "permission to make alterations, additions and repairs to buildings and machinery;" and as originally issued contained a provision that "when the unequipped portion of the mill is thoroughly equipped with approved automatic sprinklers" the rate should be reduced, but this part was afterward rescinded.

It is thus clear that when the policy was issued the company had notice that what the policy called the "Automatic sprinkler equipment complete" did not apply to some undescribed portion of the mill, and that it gave permission to make alterations and additions to it, as well as to other parts of the building and machinery.

Alterations and additions frequently make necessary a suspension in the operation, and even removal, of former apparatus; and the permission embraced all the appellee might choose to do in that regard. The appellee's own interest was the check to which the appellant trusted.

There is evidence from which it might be inferred that while the appellee was changing the system of sprinkling, greater care might have been taken to keep up, in part, a protection by sprinklers. But the object of insurance is indemnity against losses which in fact are usually the result of want of care by the insured or the servants of the insured. Few fires would occur if the occupants of the premises where they originate were careful. Mere negligence, not of a

character to indicate fraud, is no defense. Lycoming Ins. Co. v. Barringer, 73 Ill. 230.

All that is in the case is the conduct of the appellee during that change. It is not necessary to attempt a show of learning on the law of insurance, and the judgment is affirmed.